IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **JAMES McGUINNESS,** | ) |
| Plaintiff, | ) |
| v. | ) **Case No. 6:12-cv-141-ACC-GJK** |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | ) **DISPOSITIVE MOTION** |
| Defendant. | ) |

**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO DISMISS BASED ON RULE 25 WITH SUPPORTING MEMORANDUM OF LAW**

Novartis Pharmaceuticals Corporation ("NPC") requests that the Court dismiss with prejudice the claims of deceased plaintiff James McGuinness pursuant to Fed. R. Civ. P. 25(a)(1) for failure to file a motion for substitution. NPC filed a suggestion of death in this Court on October 10, 2012 (Dkt. No. 56) and personally served Mrs. Margaret McGuinness, decedent James McGuinness' wife, on October 15, 2012 in accordance with Fed. R. Civ. P. 4(e)(1) (Dkt. No. 58). On October 15, 2012, this Court issued an Order ("Order"), (Dkt. No. 57), requiring the parties to address whether any claims in this suit survive Mr. McGuinness's death. In their response, Mr. McGuinness's counsel asked this Court to "by its own motion substitute Mrs. Margaret McGuinness." *See* Response to the Court's Order of October 15, 2012 ("Response"), (Dkt No. 59). This Court declined to do counsel's work "*sua sponte*" and ruled that any request for substitution must be made via motion as required by Federal Rule of Civil Procedure 25. *See* (Dkt. No. 60). In its response to the Court's

Order, NPC pointed out that such a motion still had not been filed and asked this Court to dismiss the matter, as it lacked a proper plaintiff and counsel's failure to prosecute the case injected unnecessary costs and inefficiencies for the parties and the Court into this case. *See* Novartis Pharmaceutical Corporation's Response To Court's October 15, 2012 Order and Motion for Dismissal with Supporting Memorandum of Law ("NPC's Response"), (Dkt. No. 61). Plaintiffs did not respond to NPC's filing, and, in the nine months since Mr. McGuinness's April 2012 death, no one has filed a motion to substitute a proper plaintiff into this action despite ample opportunity to do so. Therefore, as more than 90 days have passed since NPC served Mrs. McGuinness with the Suggestion of Death on the record, the Court must dismiss this action in accordance with Fed. R. Civ. P. 25(a)(1).

## MEMORANDUM OF LAW

### Fact and Procedural History

Plaintiff James McGuinness (a Florida resident) filed this pharmaceutical products liability lawsuit against NPC, alleging that his exposure to the intravenous infusion drugs Aredia® and Zometa® caused him to develop osteonecrosis of the jaw. Compl. ¶ 2 (Dkt. No. 1). Aredia® and Zometa® are in the class of drugs known as bisphosphonates. Oncologists typically prescribe these drugs to protect patients from debilitating and potentially fatal skeletal complications of metastatic breast cancer (and other kinds of cancer that has spread to bone), such as pathologic fracture and spinal cord compression. Aredia® and Zometa® are standard-of-care drugs that were approved by the Food and Drug Administration ("FDA") and remain on the market as FDA-approved drugs.

This case was transferred from the Central District of California (where it was filed) to this Court pursuant to 28 U.S.C. §1404(a) in January of 2012. In October 2012, NPC learned that Mr. McGuinness had died in April 2012 and NPC filed a Suggestion of Death pursuant to Fed. R. Civ. P. 25(a)(1) (Dkt. No. 56). On October 15, 2012, NPC completed service of the Suggestion of Death upon Mrs. McGuinness through personal service by a process server in accordance with Fed. R. Civ. P. 4(e)(2)(A) and 25(a)(3). NPC provided notice of the effectuated service to Mr. McGuiness's counsel and this Court on Oct. 25, 2012 (Dkt. No. 58). Pursuant to Fed. R. Civ. P. 25(a)(1), Mrs. McGuinness had 90 days after service to move to substitute.[1]

Meanwhile, following NPC's filing of the Suggestion of Death, this Court issued an Order on October 15, 2012 requiring counsel for Mr. McGuinness to apprise the Court of whether his client was deceased and whether plaintiff's claims were extinguished. (Dkt. No. 57). Counsel for Mr. McGuinness filed a response to the Court's Order on October 30, 2012, agreeing that Mr. McGuinness was in fact deceased and requesting that the Court *sua sponte* substitute Mrs. McGuinness as plaintiff. (Dkt. No. 59). In response, this Court issued an Order stating that any request for substitution must be made by separate motion. (Dkt. No. 60). No motion has been made to date.

## Argument

Federal Rule of Civil Procedure 25(a)(1) states that if a motion for substitution of a deceased party "is not made within 90 days after service of a statement noting the death, the

---

[1] Ninety days after October 15, 2012 was January 13, 2013. Because January 13, 2013 fell on a Sunday, substitution was due in this case on January 14, 2013 because under Fed. R. Civ. P. 6 "the period continues to run under the end of the next day that is not a Saturday, Sunday, or legal holiday."

3

action by or against the decedent *must be dismissed*." (emphasis added); see *Heiser v. Reno*, No. 3:10-cv-32-J-34MCR, 2012 WL 394612, at *14 n. 8 (M.D. Fla. Feb. 7, 2012) (dismissing action pursuant to Fed. R. Civ. P. 25(a)(1) when no motion to substitute had been made within 90 days); *Am. Nat'l. Ins. Co. v. Glass*, No. 3:07-cv-872-J16TEM, 2008 WL 2950111, at *2 (M.D. Fla. July 31, 2008) (same). In the nine months since Mr. McGuinness's death, no one has filed a motion seeking substitution, despite the requirements of Rule 25 and this Court's clear order to do so. (Dkt No. 60). No claim can continue in the absence of a proper plaintiff with legal authority to prosecute it. *See* Fed. R. Civ. P. 17(b); *Martin v. Hasci,* 909 So. 2d 935, 936-37 (Fla. Dist. Ct. App. 2005) (dismissing case without plaintiff where no motion for substitution has been made); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (a lawsuit "is moot when . . . the parties lack a legally cognizable interest in the outcome" (quotation marks omitted)); *Cooley v. Granholm*, 291 F.3d 880, 883 (6th Cir. 2002) (holding that lawsuit was moot absent a plaintiff with a "legally cognizable interest in the outcome" (quotation marks omitted)).

In a nearly identical situation involving the same plaintiff's counsel, Chief Judge Rodgers in the Northern District of Florida dismissed similar claims. *See Lawson v. Novartis Pharm. Corp.*, No. 3:12cv74-MCR/EMT, Order of Dismissal (N.D. Fla. Oct. 5, 2012) (Ex. 1). There, as here, NPC filed a suggestion of death and Judge Rodgers issued a separate order requiring the deceased plaintiff's counsel to seek substitution of an adequate plaintiff. There, as here, counsel ignored both Rule 25 and the court's order, instead filing nothing. In *Lawson*, the court dismissed the case, and NPC asks this Court for the same relief here. Other courts in similar Aredia® or Zometa® litigation have also dismissed cases in which

there was no proper plaintiff. *See Simard v. Novartis Pharm. Corp.*, *In re: Aredia and Zometa Prods. Liab. Litig.*, No. 3:06-md-1760, 2012 WL 2015791 (M.D. Tenn. June 5, 2012) (dismissing claim when counsel for plaintiff brought suit the day after plaintiff died); *McDaniel v. NPC*, No. 2:08-CV-02088, 2012 WL 32608 (W.D. Ark. Jan. 6, 2012) (dismissing claim when no proper plaintiff had been substituted and the state revival statute had expired).

Service upon Mrs. McGuinness was proper in this matter. NPC completed service upon Mrs. McGuinness through personal service by a process server, as contemplated by Fed. R. Civ. P. 4(e)(2)(A). Because Mrs. McGuinness is not a party in this matter, service was required pursuant to Fed. R. Civ. P. 4. *See Williams v. Scott*, No. 07-22617-Civ-UNGARO-BENAGES, 2010 WL 5791517, at *3 (S.D. Fla. Sept. 3, 2010) ("A deceased party's personal representative is a 'nonparty' who must be personally served pursuant to Fed. R. Civ. P. 4 before the 90-day deadline is triggered.") (citations omitted).[2] Mrs. McGuinness was granted power of attorney by Mr. McGuinness in 2010 (Ex. 2), and as his surviving spouse becomes personal representative of Mr. McGuinness' estate under Florida law. *See* Fla. Stat. Ann. 733.301(b)(1) (stating that the preference in a personal representative of an intestate estate is the surviving spouse). In addition to Fla. Stat. Ann.

---

[2] It is not clear from the record that counsel for Mr. McGuinness represents Mrs. McGuinness. Only a party or a successor or representative of a deceased party may file a motion to substitute themselves into a pending action. *See, e.g., Shannon v. Saab Training USA, LLC*, No. 6:08-cv-803-19DAB, 2009 WL 2175642, at *1-2 (M.D. Fla. July 21, 2009) ("the personal representative of [p]laintiff[]'s estate may move for substitution of the party plaintiff. [Decendant's] Attorney . . . may not make this motion on behalf of his deceased client. The record does not reflect that [the] [a]ttorney [] acts on behalf of the personal representative."); *see also Williams*, 2010 WL 5791517, at *4 (noting "there is no guarantee that the deceased party's attorney will act to protect the legal interests of the decedents successor(s) or representative(s).").

733.301(b)(1), Mr. McGuinness' counsel represented that Mrs. McGuinness was the proper personal representative in this matter (Dkt. No. 59). Because Mrs. McGuinness is the proper personal representative of Mr. McGuinness' estate under Florida law, and because Mrs. McGuinness was personally served on October 15, 2012, dismissal pursuant to Fed. R. Civ. P. 25(a)(1) is proper.

Moreover, as pointed out by NPC in its earlier response to the Court's Order and accompanying motion to dismiss, counsel for Mr. McGuinness has failed to comply with the spirit and letter of Federal Rule of Civil Procedure 26 and this Court's Case Management and Scheduling Order by continuing to pursue this case in the absence of a proper plaintiff for many months. Based upon this failure alone, dismissal of this action is immediately warranted. *See Hayward v. SSP America, Inc.*, No. 6:10-cv-1835-Orl-36DAB, 2012 WL 2814135, at *1 (M.D. Fla. July 10, 2012) (dismissing case for failure to prosecute, including failure to respond to defendant's discovery requests and failure to respond to the Court's orders); *see also Soi Quay Hoang v. Worldwide Asset Purchasing, LLC*, No. 09-185-DRH, 2010 WL 5421301, at *2-5 (S.D. Ill. Dec. 27, 2010) (sanctioning attorney for proceeding with case though he knew his client was deceased, and denying motion to substitute estate's representative when counsel of decedent did not represent estate's representative); *Paterakis v. Sch. Dist. of Brevard Cnty., Fla.*, No. 6:09-cv-269-Orl-19KRS, 2009 WL 3762645, at *2 (M.D. Fla. Nov. 9, 2009) (dismissing plaintiff's claims when plaintiff failed to respond to defendant's motion to dismiss). Should dismissal be granted, NPC reserves the right to seek to recover costs it has incurred as a result of Mr. McGuinness's counsel's prosecution of this case without a proper plaintiff.

## **CONCLUSION**

For the foregoing reasons, NPC requests that the Court dismiss plaintiff James McGuinness's claims with prejudice.

Date: January 15, 2013                               Respectfully Submitted,

Michael J. Thomas                                    /s/   Katharine R. Latimer
Fla. Bar No. 897760                                  Katharine R. Latimer
William H. Hughes II                                 *Appearing Pro Hac Vice*
Fla. Bar No. 628263                                  Heather A. Pigman
**PENNINGTON, MOORE, WILKINSON,**   Fla. Bar No. 119938
**BELL, & DUNBAR PA**                         **HOLLINGSWORTH LLP**
215 S Monroe St – 2nd Floor                 1350 I St. NW
PO Box 10095                                         Washington, DC 20005
Tallahassee, FL 32302-2095                    (202) 898-5800
(850) 222-3533

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of January 2013, a true and correct copy of the foregoing Novartis Pharmaceutical's Corporation's Motion to Dismiss Based on Rule 25 with Supporting Memorandum of Law has been filed via the Court's Electronic Case Filing System and has been served on the following:

John A. Girardi
**GIRARDI KEESE**
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211

Steven C. Marks
Ramon A. Rasco
**Podhurst Orseck, PA**
Suite 800
25 W Flagler St
Miami, FL 33130
(305) 358-2800

*Attorneys for Plaintiff*
*James McGuinness*

/s/   Katharine R. Latimer
Katharine R. Latimer
*Appearing Pro Hac Vice*
Heather A. Pigman
Fla. Bar No. 119938
**HOLLINGSWORTH LLP**
1350 I St. NW
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*